UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REVEREND DARCY ROAKE and ADRIAN VAN YOUNG, on behalf of themselves and on behalf of their minor children, A.V. and S.V., et al.,

    *Plaintiffs*,

    v.

CADE BRUMLEY, in his official capacity as the Louisiana State Superintendent of Education, et al.,

    *Defendants*.

CIVIL ACTION NO.
3:24-cv-00517-JWD-SDJ

**DECLARATION OF ADRIAN VAN YOUNG IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Adrian Van Young, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter, along with my wife, Reverend Darcy Roake. I am suing on behalf of myself and on behalf of my minor children, A.V. and S.V.[1]

2. S.V. is enrolled in a public elementary school in the NOLA Public School System. S.V.'s school is scheduled to begin the upcoming academic year on August 14, 2024. A.V. will attend an elementary school in the same public-school system in 2025.

3. Our family is domiciled, and our children attend school, in Orleans Parish.

4. I am Reform Jewish. My wife, Plaintiff Reverend Darcy Roake, is an ordained minister in the Unitarian Universalist ("UU") Church.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(3), all minor Plaintiffs are identified by their initials.

5.      On behalf of myself and my children, I object to, and am offended by, H.B. 71 because the overtly religious classroom displays mandated by the law will promote, and forcibly subject my children to, religious scripture in a manner that violates my family's religious beliefs and practices.

6.      I believe that these displays will religiously coerce my children and usurp my parental role in directing their religious education, religious values, and religious upbringing.

7.      A core aspect of my Jewish belief system is my opposition to evangelizing others into Judaism or any other faith. I consider religious tolerance to be paramount as a spiritual matter, and evangelizing is antithetical to this belief.

8.      As part of an interfaith household, my wife and I navigate a complex and careful path in guiding the spiritual development of our children, who are being raised in both the Jewish and Unitarian Universalist traditions. For example, S.V. previously attended Unitarian Universalist Sunday school and currently attends Jewish youth religious education classes (Chavurah) at our family's synagogue, where we are members. Our children also have been welcomed into the UU Church in child-dedication ceremonies.

9.      In teaching our children about our faiths and traditions, my wife and I recognize and emphasize to our children that it is ultimately their religious right to undertake a free and responsible search for truth and meaning and to decide, when they are old enough, what faith system, if any, they will follow.

10.     One of the reasons we enrolled our children in public school was to help facilitate their spiritual journey by ensuring that they receive a secular, religiously unbiased education and have the ability to interact with and get to know peers from a variety of cultural and faith traditions.

11. The ability to direct and guide my children in matters of faith and protect their ability to undertake a free and responsible search for truth and meaning is an essential aspect of my religious exercise. I believe that H.B. 71 will significantly interfere with and substantially burden my ability to carry out this religious exercise.

12. The law's mandatory religious displays will conflict with the spiritual beliefs and values that my wife and I seek to instill in our children. In particular, the displays will not comport with the Jewish traditions being imparted to S.V. in Chavurah because they misappropriate and alter the text of the Ten Commandments set out in the Torah and present the commandments without their vital Jewish context. Nor will the displays provide the necessary context that would be provided through a Unitarian Universalist reading of the text.

13. For example, I believe that the text of H.B. 71's commandment ordering, "Thou shalt not covet thy neighbor's wife, nor his manservant, nor his maidservant, nor his cattle, nor anything that is thy neighbor's," wrongly centers a heterosexual male perspective and treats women and other individuals ("manservant[s]" and "maidservant[s]") as property. By posting this text without its Jewish context and history—which would include an acknowledgement of Judaism's commitment to equality for all people—and without otherwise acknowledging and disputing the text's discriminatory language, the state will send the message to my children that the religious text should be taken literally, which would violate core spiritual values that my wife and I teach them.

14. Because H.B. 71 requires that the commandments be permanently posted in every classroom, rendering them unavoidable, and does not require the displays to be connected to the subject matter being taught, I further believe that the religious displays will send the message to my children not only that the posted text is the "correct" or superior version of religious doctrine,

but also that the Ten Commandments, as set forth in the display, constitute official rules that must be followed by my children and their peers.

15. I also believe that H.B. 71 and its religious displays send a message to my children of religious intolerance, contrary to my family's religious beliefs, that anyone who does not believe in the state's official religious scripture is an outsider and not fully part of the school community. Indeed, because my children are Jewish and Unitarian Universalist and because our family does not subscribe to the version of the Ten Commandments approved by the state, I believe that these displays will convey to the children that *they* are outsiders who do not belong in their public school.

16. As a result of these messages, I believe that my children will be induced and pressured to observe, meditate on, venerate, and obey the state's preferred religious doctrine and to suppress expression of their own religious backgrounds and beliefs at school.

17. I believe that this religious coercion will harm my children spiritually and substantially interfere with, impede, and burden their ability to conduct a free and responsible inquiry for truth and meaning and to decide, for themselves, what to believe when it comes to matters of faith.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Adrian Van Young
Executed on this 5th day of July, 2024