UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REVEREND DARCY ROAKE and ADRIAN VAN YOUNG, on behalf of themselves and on behalf of their minor children, A.V. and S.V., et al.,

    Plaintiffs,

v.

CADE BRUMLEY, in his official capacity as the Louisiana State Superintendent of Education, et al.,

    Defendants.

CIVIL ACTION NO.
3:24-cv-00517-JWD-SDJ

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING AND CONSIDERATION OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs move this Court to set an expedited schedule for the resolution of Plaintiffs' Motion for Preliminary Injunction (ECF No. 20). Expedited briefing is necessary to prevent immediate and irreparable harm to Plaintiffs. The plaintiffs in this case are parents of children who attend Louisiana public schools, as well as the minor children themselves (on whose behalf the parents sue). All the minor-child Plaintiffs will begin their 2024-25 academic year in August, with some commencing school attendance as soon as August 8, 2024.[1] Defendants are responsible for implementing and administering House Bill No. 71, Act No. 676 ("H.B. 71" or the "Act"), which requires that every elementary, secondary, and postsecondary public school in Louisiana install in every classroom a permanent display featuring a state-prescribed version of the Ten

---

[1] *See, e.g.*, Owens Decl. (ECF No. 20-8) ¶ 8; Harding Decl. (ECF No. 20-7) ¶ 8; McCrory Decl. (ECF No. 20-11) ¶ 8; David Hawley Decl. (ECF No. 20-10) ¶ 2; Erin Hawley Decl. (ECF No. 20-9) ¶ 2; Rev. Williams Decl. (ECF No. 20-2) ¶ 2; Rev. Broadhurst Decl. (ECF No. 20-4) ¶ 2.

1

Commandments. Under the Act, which became effective on June 19, 2024, the mandatory displays may be installed immediately and must be installed no later than January 1, 2025.

As outlined in Plaintiffs' Complaint (ECF No. 1) and Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction, the Act is unquestionably unconstitutional. It violates both the Establishment Clause and Free Exercise Clause of the First Amendment to the U.S. Constitution. *See Stone v. Graham*, 449 U.S. 39 (1980) (striking down similar Kentucky law requiring the Ten Commandments to be posted in public-school classrooms). Posting a state-prescribed version of the Ten Commandments in each public-school classroom in Louisiana will infringe Plaintiffs' constitutional rights. This warrants expedited briefing and a prompt resolution, as the "[l]oss of First Amendment freedoms, even for minimal periods of time, constitute[s] irreparable injury." *See Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

This Court has ample authority to expedite briefing and consideration of Plaintiffs' Motion for Preliminary Injunction. Under federal law, courts "shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief . . . if good cause [] is shown." 28 U.S.C. § 1657(a). Good cause is shown "if a right under the Constitution . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Enjoining Defendants from implementing and administering H.B. 71, and thus protecting Plaintiffs' First Amendment rights and maintaining the status quo, constitutes the precise factual predicate contemplated in 28 U.S.C. § 1657(a). This Court also has broad discretion to manage its docket by, among other things, setting timelines for hearings to resolve motions. L. Civ. R. 78; *see also* Fed. R. Civ. P. 6(c)(l)(C).

Further, an expedited schedule is appropriate here because state officials knew that H.B. 71 would likely face swift legal challenge once it became law and, therefore, also knew that they would need to be prepared for such litigation. For example, days before signing H.B. 71 into law, Louisiana Governor Jeff Landry reportedly told a crowd at a political fundraiser: "I'm going home to sign a bill that places the Ten Commandments in public classrooms. And I can't wait to be sued."[2]

Accordingly, Plaintiffs respectfully request an expedited briefing schedule under which Defendants file any response to Plaintiffs' Motion for Preliminary Injunction by **July 19, 2024**, and Plaintiffs are granted leave to and file a reply brief by **July 26, 2024**. Plaintiffs respectfully request a hearing on Plaintiffs' Motion for Preliminary Injunction during the week of **July 29, 2024**. This proposed schedule would provide clarity to Defendants and Louisiana public-school governing authorities before school begins on August 8, and—if the preliminary injunction is granted—prevent irreparable harm to Plaintiffs and all Louisiana public-school students and families.

Date: July 8, 2024                                     Respectfully submitted,

                                                       By: */s/ Charles Andrew Perry*
                                                       Charles Andrew Perry
                                                       AMERICAN CIVIL LIBERTIES UNION
                                                       FOUNDATION OF LOUISIANA
                                                       Charles Andrew Perry
                                                       La. Bar No. 40906
                                                       PO Box 56157
                                                       New Orleans, LA 70156
                                                       (504) 522-0628
                                                       aperry@laaclu.org

---

[2] Vivian Jones, *Tennessee Republican Leaders Tout Trump, Set Sights on November During Annual Fundraiser*, TENNESSEAN (June 16, 2024), https://www.tennessean.com/story/news/politics/2024/06/16/tennessee-republican-party-statesmens-dinner-leaders-eye-november-tout-trump-slam-guilty-verdict/73879046007/.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Daniel Mach*
Heather L. Weaver*
915 15th Street, NW, Suite 600
Washington, DC 20005
(202) 675-2330
dmach@aclu.org
hweaver@aclu.org

AMERICANS UNITED
FOR SEPARATION OF
CHURCH & STATE
Alex J. Luchenitser*
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-7306
luchenitser@au.org

FREEDOM FROM RELIGION
FOUNDATION
Patrick C. Elliott*
Samuel T. Grover*
PO Box 750
Madison, WI 53701
(608) 256-8900
Patrick@ffrf.org
sgrover@ffrf.org

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood*
Janet A. Gochman*
Nicholas J. Prendergast*
Jordan T. Krieger*
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
jyoungwood@stblaw.com
jgochman@stblaw.com
Nicholas.Prendergast@stblaw.com
Jordan.Krieger@stblaw.com

* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*