**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

MINUTE ENTRY:
JULY 17, 2024
DISTRICT JUDGE JOHN W. deGRAVELLES

DARCY ROAKE, ET AL

VERSUS

CADE BRUMLEY, ET AL

CIVIL ACTION

NO. 24-517-JWD-SDJ

This matter came on this day for a *Status Conference*.

PRESENT:   Charles Andrew Perry, Heather Weaver,
Alex J. Luchenitser, Patrick C. Elliott,
Samuel T. Grover and Jonathan K. Youngwood
**Counsel for Plaintiffs**

Ben Aguinaga, Zack Faircloth,
Morgan Brungard, Tom Jones,
and Amanda LaGroue
**Counsel for all Defendants except**
**for Orleans Parish School Board**

Dan Zimmerman
**Counsel for Defendant Orleans**
**Parish School Board**

The Court thanked the parties for their cooperation in preparing and submitting the *Consent Motion Regarding Briefing Schedule for Parties' Motions and Related Matters* (Doc. 25).

The Court noted that Plaintiffs' position in their *Motion for Preliminary Injunction* (Doc. 20) ("*MPI*") is, in part, that (1) *Stone v. Graham*, 449 U.S. 39 (1980) controls this action, and (2) assuming *Stone* does not control, the history surrounding the Ten Commandments does not allow the State to mandate their display in classrooms in this manner. The Court then asked the parties, assuming *Stone* does not control (as Plaintiffs argue in the alternative in their *MPI*), what historical evidence they intend to offer and whether that evidence would include expert

testimony. The Court stated that he would rule on the *MPI* based on whatever evidence is offered but that expert testimony may be helpful in resolving this issue. The parties initially stated that they were not going to offer expert testimony but later indicated that they would reconsider in light of the Court's comments.

The Court then stated that, while it was grateful for the parties for agreeing to extend the implementation date of the statue at issue to October 1, 2024, the Court did not believe that the parties' proposed schedule would allow the Court sufficient time to review the extensive briefing, consider the evidence offered at the hearing, and then rule on the *MPI* by that deadline. The Court requested that the parties extend that deadline to December 1, 2024, and/or recognize that a more expedited briefing schedule may be required. Plaintiffs had no opposition to extending the October 1, 2024, implementation date. Defendants indicated that they had to consider necessary administrative burdens involved in the implementation but that they were willing to work with the Court to devise a more realistic schedule. They will discuss the matter with their clients. An alternative date of November 1, 2024 was discussed although, after the conference, the Court issued a separate order with further instructions on this issue. (*See* Doc. 29)

The Court indicated to the parties that it would set the hearing date for the *MPI*. The parties will then confer in a good faith attempt to devise a scheduling order for discovery and briefing. The Court by separate order provided this information. (*See id.*)

The Court allowed the parties to stay on the zoom to discuss how the parties wish to present evidence to the Court for the *MPI*.

Signed in Baton Rouge, Louisiana, on <u>July 18, 2024</u>.

CV 36; T: 0:25 mins.
Reporter: Gina Delatte-Richard

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**