UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| REVEREND DARCY ROAKE and ADRIAN VAN YOUNG, on behalf of themselves and on behalf of their minor children, A.V. and S.V., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CADE BRUMLEY, in his official capacity as the Louisiana State Superintendent of Education, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>3:24-cv-00517-JWD-SDJ |

## [PROPOSED] ORDER GRANTING PARTIES' AMENDED CONSENT MOTION REGARDING BRIEFING SCHEDULE FOR PARTIES' MOTIONS AND RELATED MATTERS

Considering the Consent Motion Regarding Briefing Schedule for Parties' Motions and Related Matters, it is ORDERED that the Consent Motion is **GRANTED.**

Per the Amended Consent Motion, the Court hereby recognizes and approves the parties' stipulations as follows:

1.  Plaintiffs agree not to oppose the Attorney General's forthcoming motion to intervene provided that, if this Court approves intervention, the Attorney General shall endeavor—with the exception of the motion to intervene—not to file or serve any pleadings, motions, briefs, discovery requests, or other court documents that are separate from any pleadings, motions, briefs, discovery requests, or other court documents that are filed by the other Defendants represented by the Attorney General's office, unless the other Defendants' positions cannot adequately represent the State's interest or not filing or serving a separate court document would significantly impair or

impede the State's ability to protect its interest. This agreement will ensure that the unopposed intervention of the Attorney General does not delay resolution of the case or create duplication and inefficiencies in the proceedings. This agreement applies throughout the pendency of the case in the district court. If, for the reasons cited above, the Attorney General files or serves a separate pleading, motion, brief, discovery request, or other court document, Plaintiffs shall be entitled to the full page allotment and time under the Federal Rules of Civil Procedure and Local Rules to respond separately. This paragraph does not apply to Defendant OPSB unless the Attorney General's office assumes representation of the OPSB.

2. All Defendants and the Attorney General, if granted intervention in this case, hereby waive any requirements pertaining to service of process of the Complaint, Plaintiffs' Motion for Preliminary Injunction, and Plaintiffs' Motion for Expedited Briefing. Defendants and the Attorney General, if granted intervention in this case, further waive all objections or other arguments in this case pertaining to service of process.

3. Because the planned Motions to Dismiss and Oppositions to Plaintiffs' Motion for Preliminary Injunction may include overlapping arguments, the parties agree that the briefing on the motions shall be combined.

**Expert Disclosure Schedule**

4. The parties shall comply with the following schedule relating to experts:

(a) The parties (except for any parties that do not intend to present expert testimony in support of or in opposition to Plaintiffs' Motion for Preliminary Injunction) shall simultaneously exchange opening expert reports that meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) on August 13, 2024, by 7 pm Central time. The parties have further informed the Court that they wish to preserve the following positions: Defendants expressly preserve any objections

to the propriety of Plaintiffs submitting expert testimony (if they so choose), and to the form and substance of that testimony, given that Plaintiffs did not offer such evidence with their preliminary-injunction motion; Plaintiffs disagree that the submission of expert testimony would be improper.

(b) The parties that exchange opening expert reports shall simultaneously exchange rebuttal expert reports that meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and 26(a)(2)(D)(ii) on August 26, 2024, by 7 pm Central time.

**Parties' Proposed Briefing Schedule**

5. The Plaintiffs and the Defendants represented by the Attorney General's Office and the Attorney General, should intervention be granted by this Court, shall comply with the following briefing schedule:

(a) The Attorney General's unopposed motion to intervene shall be filed no later than August 5, 2024. In light of the briefing schedule below, Plaintiffs do not oppose the Attorney General's request that she be relieved of the requirement to file a proposed Answer with the Motion to Intervene. If the Court approves this request, the parties agree that the Attorney General's Proposed Answer shall be filed consistent with paragraph 1 above and paragraph 10 below.

(b) Defendants and the Attorney General, if intervention is granted, shall file one joint, combined Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction and Brief in Support of Defendants' Motion to Dismiss no later than August 5, 2024. This combined brief may be up to 50 pages in length.

(c) Plaintiffs shall file one combined Brief in Opposition to the Motion to Dismiss, Reply Brief to Defendants' Opposition to Plaintiffs' Motion for Preliminary

                Injunction, and Supplemental Brief Regarding Opening Expert Reports no later than August 26, 2024. Plaintiffs' combined brief may be up to 45 pages in length.

      (d)      One joint Reply Brief in Support of the Motion to Dismiss and Supplemental Brief Regarding Opening and Rebuttal Expert Reports shall be filed by the Defendants and the Attorney General, if intervention is granted, no later than August 30, 2024, by 7 pm Central time. The reply brief may be up to 20 pages in length.

      (e)      Plaintiffs may file a Limited Supplemental Brief Regarding Rebuttal Expert Reports no later than August 30, 2024, by 7 pm Central time. This brief may be up to 7 pages in length.

      6.      The parties agree that Defendant OPSB shall follow the briefing schedule in paragraph 5.

      (a)      OPSB's Combined Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction and Brief in Support of OPSB's Motion to Dismiss may be up to 25 pages in length.

      (b)      Plaintiffs' Combined Brief in Opposition to OPSB's Motion to Dismiss and Reply Brief to OPSB's Opposition to Plaintiffs' Motion for Preliminary Injunction may be up to 25 pages in length.

      (c)      OPSB's Reply Brief in Support of OPSB's Motion to Dismiss may be up to 10 pages in length.

**Discovery**

      7.      Should the Court allow Plaintiffs decide to depose any party who submits a declaration in connection with either OPSB's or the other Defendants' August 5, 2024, filings, the parties will work cooperatively to schedule these depositions to take place prior to August 22,

2024, either in person or via remote technology. The parties have further informed the Court that they wish to preserve the following positions: Plaintiffs believe that such depositions should be permitted; Defendants expressly preserve all objections concerning the propriety and absence of any need for such depositions.

8. Should any party wish to depose the Rule 26 experts, the parties will work cooperatively to schedule these depositions to take place between September 3, 2024, and September 23, 2024, either in person or via remote technology.

9. The parties agree to hold all Defendants' (and, if intervention is granted, the Attorney General's) current answer deadlines in abeyance pending the Court's disposition of the forthcoming motions to dismiss.

10. Except for the waivers related to service of process, as set forth in paragraph two above, nothing herein constitutes any party's or potential party's waiver of any legal arguments for the Court's consideration.

IT IS SO ORDERED THIS \_\_\_\_ day of July, 2024.

_____
The Hon. John W. deGravelles