# Exhibit 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REVEREND DARCY ROAKE and ADRIAN VAN YOUNG, on behalf of themselves and on behalf of their minor children, A.V. and S.V., et al.,

Plaintiffs,

v.

CADE BRUMLEY, in his official capacity as the Louisiana State Superintendent of Education, et al.,

Defendants.

CIVIL ACTION NO.
3:24-cv-00517-JWD-SDJ

**DECLARATION OF REVEREND DARCY ROAKE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Reverend Darcy Roake, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter, along with my husband Adrian Van Young. I am suing on behalf of myself and on behalf of my minor children, A.V. and S.V.[1]

2. S.V. is enrolled in a public elementary school in the NOLA Public School System. S.V.'s school is scheduled to begin the upcoming academic year on August 14, 2024. A.V. will attend an elementary school in the same public-school system in 2025.

3. Our family is domiciled, and our children attend school, in Orleans Parish.

4. I am an ordained minister in the Unitarian Universalist ("UU") Church. My husband, Plaintiff Adrian Van Young, is Reform Jewish.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(3), all minor Plaintiffs are identified by their initials.

1

ROAKE-002

ROAKE-002-000001

5.      On behalf of myself and my children, I object to, and am offended by, H.B. 71 because the overtly religious classroom displays mandated by the law will promote, and forcibly subject my children to, religious scripture in a manner that violates my family's religious beliefs and practices.

6.      I believe that these displays will religiously coerce my children and usurp my parental role in directing our children's religious education, religious values, and religious upbringing.

7.      My Unitarian Universalist religion counsels me to value everyone's experience and religious background, and to avoid elevating some religions over others. My faith does not endorse specific scripture or dogma, although it does affirm seven principles that help guide one's ethical and moral decision-making. While all these principles are important to me, the fourth UU principle supporting the right to a "free and responsible search for truth and meaning" is especially significant to me. I believe that this spiritual inquiry cannot happen when the government imposes religious doctrine on someone.

8.      My faith teaches, and I believe, that forcing religious beliefs on individuals causes them significant spiritual, psychological, and emotional harm. I also believe that forcing religious beliefs on others conflicts with my commitment to religious tolerance and acceptance, which is fundamental to my practice as a Unitarian Universalist and minister.

9.      As part of an interfaith household, my husband and I navigate a complex and careful path in guiding the spiritual development of our children, who are being raised in both the Jewish and Unitarian Universalist traditions. For example, S.V. previously attended Unitarian Universalist Sunday school and currently attends Jewish youth religious education classes (Chavurah) at our

ROAKE-002-000002

family's synagogue, where we are members. Our children also have been welcomed into the UU Church in child-dedication ceremonies.

10. In teaching our children about our faiths and traditions, my husband and I recognize and emphasize to our children that it is ultimately their right to undertake a free and responsible search for truth and meaning and to decide, when they are old enough, what faith system, if any, they will follow.

11. One of the reasons we enrolled our children in public school was to help facilitate their spiritual journey, by ensuring that they receive a secular, religiously unbiased education and have the ability to interact with and get to know peers from a variety of cultural and faith traditions.

12. The ability to direct and guide my children in matters of faith and protect their ability to undertake a free and responsible search for truth and meaning is an essential aspect of my religious exercise. H.B. 71 will significantly interfere with and substantially burden my ability to carry out this religious exercise.

13. The law's mandatory religious displays will conflict with my spiritual beliefs and the spiritual values that my husband and I seek to instill in my children. In particular, the displays will not comport with the Jewish traditions being imparted to S.V. in Chavurah and will not provide the necessary context that would be provided through a Unitarian Universalist reading of the text.

14. For example, I believe that the text of H.B. 71's commandment ordering, "Thou shalt not covet thy neighbor's wife, nor his manservant, nor his maidservant, nor his cattle, nor anything that is thy neighbor's," wrongly centers a heterosexual male perspective and treats women and other individuals ("manservant[s]" and "maidservant[s]") as property. By posting this text without its Jewish context and history—which would include an acknowledgement of Judaism's commitment to equality for all people—and without acknowledging and disputing the

3

text's discriminatory language, the state will send the message to my children that the religious text should be taken literally, which would violate core spiritual values that my husband and I teach our children.

15. Because H.B. 71 requires that the commandments be permanently posted in every classroom, rendering them unavoidable, and does not require the displays to be connected to the subject matter being taught, I further believe that the religious displays will send the message to my children not only that the posted text is the "correct" or superior version of religious doctrine, but also that the Ten Commandments, as set forth in the display, constitute official rules that they and their peers must follow.

16. I believe that H.B. 71 and religious displays send a message of religious intolerance to my children, also in conflict with the family's spiritual beliefs, that anyone who does not believe in the state's official religious scripture is an outsider and not fully part of the school community. Indeed, I believe that, because my children are Jewish and Unitarian Universalist and because our family does not subscribe to the version of the Ten Commandments approved by the state, these displays will convey to my children that *they* are outsiders and do not belong in their public school.

17. As a result of these messages, I believe that my children will be pressured to observe, meditate on, venerate, and obey the state's preferred religious doctrine and to suppress expression of their own religious backgrounds and views at school. This religious coercion will harm my children spiritually and substantially interfere with, impede, and burden their ability to conduct a free and responsible inquiry for truth and meaning and to decide, for themselves, what to believe when it comes to matters of faith.

///

///

ROAKE-002-000004

5

I hereby declare under penalty of perjury that the foregoing is true and correct.

*Darcy Roake*
Reverend Darcy Roake
Executed on this 5th day of July, 2024

ROAKE-002-000005