# Exhibit 5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REVEREND DARCY ROAKE and ADRIAN VAN YOUNG, on behalf of themselves and on behalf of their minor children, A.V. and S.V., et al.,

    Plaintiffs,

v.

CADE BRUMLEY, in his official capacity as the Louisiana State Superintendent of Education, et al.,

    Defendants.

CIVIL ACTION NO.
3:24-cv-00517-JWD-SDJ

## DECLARATION OF REVEREND RICHARD WILLIAMS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Reverend Richard Williams, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter, along with my wife, Reverend Mamie Broadhurst. I am suing on behalf of myself and on behalf of my minor child, N.W.

2. N.W. is currently enrolled in the East Baton Rouge Parish School System in East Baton Rouge Parish. N.W.'s school is scheduled to begin the upcoming academic year on August 8, 2024.

3. Our family is domiciled, and our child attends school, in East Baton Rouge Parish.

4. I am an ordained minister in the Presbyterian Church (U.S.A). My wife and I are raising N.W. in the Presbyterian denomination of the Christian tradition.

5. On behalf of myself and my child, I object to, and am offended by, H.B. 71 because it will forcibly subject N.W. to school displays of the Ten Commandments in a manner that violates our family's religious beliefs and practice.

1

ROAKE-005

ROAKE-005-000001

6. I also believe that these displays will usurp my parental role in directing N.W.'s religious education, religious values, and religious upbringing.

7. The ability to direct and guide my child's spiritual development is an essential aspect of my religious exercise. For the reasons discussed below, H.B. 71 will significantly interfere with and substantially burden my ability to carry out this religious exercise.

8. I strongly believe that scriptural matters and questions, including which version of scripture is correct and what it means, are far too sacred to place in the hands of government officials. I believe that these issues must be reserved for faith communities. This belief is rooted in the Presbyterian understanding that civil magistrates should not interfere with the administration of God's Word or misappropriate God's authority.

9. I believe that the state has done just that, however, by placing its stamp of approval on one particular version of the Ten Commandments and mandating that this version be posted in every public-school classroom. As a result, H.B. 71 and the displays it requires will send a message to all students, including my child, that the government holds religious authority.

10. I believe that the reservation of theological matters to faith communities is especially important when it comes to youth religious education, including for my own child. Receiving and navigating scripture, such as the Ten Commandments, within the context of our faith is critical to ensuring that my child's understanding of the commandments aligns with our Presbyterian teachings and values. For example, as a pastor trained in biblical study and interpretation, I look to the faith tradition out of which scripture was born. The version of the Ten Commandments mandated by H.B. 71 effectively erases that critical context by disregarding and dismissing text that is central to the commandments' Jewish origin.

ROAKE-005-000002

11. In addition, our family's Presbyterian faith strongly teaches that all people are equal in the eyes of God and should be treated as such. However, the text of the Ten Commandments mandated by H.B. 71 includes language that, on its face, is contrary to this value—effectively treating women and others ("maidservant[s]" and "manservant[s]") as property. I believe that, to avoid this harmful message, it is critical that the Ten Commandments be introduced to N.W. by me and my wife, as well as our church, within the broader framework of our Presbyterian religious doctrine and belief.

12. Moreover, the state's decision to mandate the display of a specific version of the Ten Commandments in public schools sends the message to N.W. and other students that those who do not believe in this official version are not as worthy as those who do, contrary to our family's religious principles, which value a multicultural and diverse society and do not base the worthiness of people on their faith or lack thereof. Because H.B. 71's displays will be posted permanently in every classroom throughout the rest of N.W.'s public-school education, I believe that this message of inequality, like the other messages discussed above, will be virtually inescapable for N.W.

13. I further believe that the Ten Commandments displays posted in N.W's classrooms will not only interfere with and undermine my ability to guide N.W.'s religious education, but they will also create pressure for N.W. to accept and believe—contrary to our family's Presbyterian faith—the overtly religious messages conveyed by them, including that the state has authority over theological or scriptural questions and that students who do not subscribe to the state's official version of the Ten Commandments are lesser in status.

ROAKE-005-000003

4

14. I believe that this will also create pressure for N.W. to suppress expression, especially in school, of N.W's own religious beliefs on these issues and other religious questions or concerns raised by the religious displays.

15. Finally, as ministers in the community, my wife and I work ecumenically and in interfaith contexts. In favoring one set of religious language and beliefs over others, H.B. 71 will create a climate in Baton Rouge—and, indeed, across Louisiana—that is hostile to, or dismissive of, people of minority faiths, interfering with the exercise of these pastoral responsibilities.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
Reverend Richard Williams
Executed on this 2nd day of July, 2024

4