# Exhibit 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REVEREND DARCY ROAKE and ADRIAN VAN YOUNG, on behalf of themselves and on behalf of their minor children, A.V. and S.V., et al.,

    Plaintiffs,

v.

CADE BRUMLEY, in his official capacity as the Louisiana State Superintendent of Education, et al.,

    Defendants.

CIVIL ACTION NO.
3:24-cv-00517-JWD-SDJ

**DECLARATION OF REVEREND JEFF SIMS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Reverend Jeff Sims, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter. I am suing on behalf of myself and on behalf of my three minor children, A.S., C.S. 1, and C.S. 2.[1]

2. A.S., C.S. 1, and C.S. 2, are enrolled in public schools in the St. Tammany Parish Public School System in St. Tammany Parish. Their schools are scheduled to begin the upcoming academic year on August 12, 2024.

3. I am domiciled, and my children attend school, in St. Tammany Parish.

4. I am an ordained minister in the Presbyterian Church (U.S.A). I am raising A.S., C.S. 1, and C.S. 2 in the Presbyterian Christian tradition.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(3), all minor Plaintiffs are identified by their initials.

1

ROAKE-006

ROAKE-006-000001

5. On behalf of myself and my children, I object to, and am offended by, H.B. 71 because it promotes, and will forcibly subject my children to, overtly religious classroom displays in a manner that violates my family's religious beliefs and practices.

6. I believe that these displays will also usurp my parental role in directing my children's religious education, religious values, and religious upbringing.

7. The ability to direct and guide my children's spiritual development is an essential aspect of my religious exercise. For the reasons discussed below, H.B. 71 will significantly interfere with and substantially burden my ability to carry out this religious exercise.

8. As a minister and parent, I believe that scripture, including the Ten Commandments, is best understood—especially by children—when presented within the context of a family's church and particular faith tradition. This ensures that a child's introduction to the religious text and comprehension of it aligns with the family's religious beliefs.

9. My family's Presbyterian beliefs strongly value the equality of all people, including women and people of color. I believe that scripture, such as the Ten Commandments, must be navigated through the lens of this core religious principle. However, the text of the Ten Commandments mandated by H.B. 71, even though Christian-centric, presents language that runs counter to this important Presbyterian value. For example, the state's approved version of the Ten Commandments treats some people as chattel. Thus, as a spiritual matter, I believe it is critical that this text be presented to my children by me or through my family's church, to avoid my children receiving this harmful message. Instead, H.B. 71 will impose the state's version of the Ten Commandments on my children every day, in every classroom.

10. I also believe that H.B. 71's stamp of approval for a particular version of the Ten Commandments and its mandate that this scripture be displayed in my children's classrooms

2

improperly sends the message to me, my children, and our community that people of some religious denominations or faith systems are superior to others and that there is an official religious hierarchy featuring the state's officially favored "in" group and the state's officially disfavored "out" group. This religious favoritism violates my family's Presbyterian beliefs, which prioritize inclusiveness and the dignity of all people, honor God's gift of diversity, and are firmly opposed to the notion that there is any pecking order of faithful or non-faithful people.

11. I further believe that H.B. 71 represents an intrusion of civil authority into matters of faith, sending the message to me, my children, and our community that the public-school system and the government more generally not only possess religious authority, but that this authority is greater than God's, in direct contradiction to the Presbyterian tradition. Presbyterianism was strongly influenced by the beliefs and writing of theologian John Calvin, who posited that civil authority exists only as a result of God's divine law of love and that civil magistrates should not interfere with the administration of God's Word, co-opt the Word for their own purposes, or otherwise arrogate to themselves God's authority. I believe that H.B. 71 does all three.

12. I believe that the displays of the Ten Commandments posted in my children's classrooms will not only interfere with and undermine my ability to guide their spiritual development, but that they will also pressure my children to accept and believe—contrary to the family's Presbyterian faith—the overtly religious messages conveyed by the displays, including (1) that the state has authority over theological questions and scripture and that this authority is greater than God's, (2) that one denomination or faith system is preferable to others, and (3) that those who do not adhere to the state's preferred version of the Ten Commandments are lesser in worth and status.

3

13. I believe that my children will also be pressured to suppress expression, especially in school, of their own religious beliefs on these issues and other religious questions or concerns raised by the religious displays.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
Jeff Sims

Executed on this 2nd day of July, 2024

4