# Exhibit 9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REVEREND DARCY ROAKE and ADRIAN VAN YOUNG, on behalf of themselves and on behalf of their minor children, A.V. and S.V., et al.,

    Plaintiffs,

v.

CADE BRUMLEY, in his official capacity as the Louisiana State Superintendent of Education, et al.,

    Defendants.

CIVIL ACTION NO.
3:24-cv-00517-JWD-SDJ

**DECLARATION OF ERIN HAWLEY IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Erin Hawley, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am a Plaintiff in the above-captioned matter, along with my husband, David Hawley. I am suing on behalf of myself and on behalf of my minor children, A.H. and L.H.[1]

2.    A.H. and L.H are currently enrolled in the East Baton Rouge Parish School System in East Baton Rouge Parish. Their school is scheduled to begin the upcoming academic year on August 8, 2024.

3.    Our family is domiciled, and our children attend school, in East Baton Rouge Parish.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(3), all minor Plaintiffs are identified by their initials.

1

ROAKE-009

ROAKE-009-000001

4. We are members and attenders of a Unitarian Universalist church. My husband and I were married in the church, and our children were welcomed into the church through its child-dedication ceremony.

5. On behalf of myself and my children, I object to, and am offended by, H.B. 71 because the overtly religious classroom displays mandated by the law will promote, and forcibly subject my children to, religious scripture to which I and my children do not subscribe, in a manner that violates our family's religious beliefs and practice.

6. I believe that these displays will religiously coerce my children and usurp my parental role in directing my children's religious education, religious values, and religious upbringing.

7. As a Unitarian Universalist, my religion counsels me to value everyone's experience and religious background, and to avoid elevating some religions over others. My faith does not endorse specific scripture or dogma, although it affirms seven principles that guide me and my family. In particular, I place significant value on the first UU principle, which states that every person has "inherent worth and dignity," and the fourth UU principle, which supports the ability to conduct a "free and responsible search for truth and meaning."

8. In the spirit of these principles, my faith teaches, and I believe, that there is no "correct" religious doctrine and—recognizing that some people have been injured by religion—that individuals should not be forcibly subjected to religious belief or practice.

9. As a spiritual matter, I believe that morality imposed or enforced only through a fear of God or the negative concepts of sin and guilt harms individuals and can impede individuals' spiritual ability to undertake a free and responsible search for truth and meaning.

ROAKE-009-000002

10. My husband and I are raising our children as Unitarian Universalists and instilling in them these same values and beliefs. We intend to give my children the freedom to choose which faith, if any, they follow—without pressure or undue influence from authority figures.

11. The ability to direct and guide my children in matters of faith and protect their ability to undertake a free and responsible search for truth and meaning is an essential aspect of my religious exercise. H.B. 71 will significantly interfere with and substantially burden my ability to carry out this religious exercise.

12. As part of this religious exercise, and in accordance with my spiritual beliefs, I do not follow or impose on my children the religious dictates of the Ten Commandments generally or as set forth in H.B. 71's state-prescribed version (for example, H.B. 71's scriptural directives to "have no other gods before me"; "not make to thyself any graven images"; "not take the Name of the Lord thy God in vain"; and "[r]emember the Sabbath day, to keep it holy").

13. Moreover, my Unitarian Universalist beliefs value the equality of all people, and I object to the specific language of the state's approved version of the Ten Commandments because it advances a heterocentric worldview, objectifies women, and treats women and other individuals as property.

14. I further believe that the Ten Commandments, as a whole, present morality in a negative, guilt-based framework that will harm my children and impede their free and responsible search for truth and meaning. My spiritual approach to instilling moral and ethical values in my children is instead rooted in positive concepts, such as love and caring for others. In direct contradiction to this, however, H.B. 71 will impose the Ten Commandments on my children on a daily and hourly basis, undermining and interfering with my ability to instill those beliefs and values in them.

3

15. I believe that the state's posting of these religious displays in every public-school classroom, untethered to the topic being taught, confers on the Ten Commandments the highest level of legitimacy—an official stamp of approval that will send the message to my children that the state-selected version of the Ten Commandments is the "correct" or superior religious doctrine, contrary to our family's UU beliefs and practices. As a result of this message and the sheer ubiquity of the displays mandated by H.B. 71, my children will be pressured to observe, meditate on, venerate, and obey this scripture, violating my family's faith tenets and interfering with, deterring, or preventing a free and responsible search for truth and meaning by my children.

16. Finally, I believe that H.B. 71 and the displays it mandates send a harmful message to me and my children that we are outsiders and not fully part of the school community because we do not believe in the state's official religious scripture. I believe that, because of this message, my children will be pressured to avoid or truncate their search for spiritual meaning and to suppress expression of their own spiritual beliefs and views at school.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
Erin Hawley

Executed on this 2nd day of July, 2024

4